# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MIDDAUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 05-0619-CV-W-NKL |
| ) | Crim. Case No. 02-0095-CR-W-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Christopher Middaugh's ("Middaugh") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 [Doc. # 1]. For the reasons set forth below, the Court denies Middaugh's Motion.

**I.  Background**

Middaugh had previously been convicted of misdemeanor assault in the third degree, in violation of Mo. Rev. Stat. § 565.070. There is no dispute that Middaugh was convicted of this crime nor is there any dispute that the victim of Middaugh's assault was a woman with whom he had a domestic relationship.

Subsequently, in June 2002, Middaugh was indicted for possessing a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). Middaugh's counsel filed a motion to dismiss wherein he argued that Middaugh's underlying misdemeanor conviction could not qualify as a "crime of domestic violence" because the domestic relationship between Middaugh and his victim

1

was not a necessary element in the crime.  Chief Magistrate Judge John Maughmer issued a Report and Recommendation rejecting Middaugh's argument and this Court adopted the reasoning of Judge Maughmer's analysis and denied Middaugh's motion.  Middaugh subsequently pleaded guilty to the charge and, in January 2003, the Court sentenced Middaugh to fifteen months of imprisonment.

In November 2004, Middaugh filed his Notice of Appeal with the Court of Appeals for the Eighth Circuit.  The Eighth Circuit affirmed this Court's finding on September 22, 2005.

Middaugh filed his pending Motion in this Court in July 2005--after he filed his Notice of Appeal with the Eighth Circuit but before the court issued its opinion affirming this Court's findings.  In his Motion, Middaugh asserts that his misdemeanor conviction does not qualify as a "crime of domestic violence."  He also argues that his counsel was ineffective for allowing him to wrongfully plead guilty to the charge and that he is "actually innocent" of the charge because his earlier misdemeanor conviction does not satisfy the statutory requirements.

## II.     Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief.  *Payne v. United States*, 78 F.3d 343 (8th Cir. 1996) (citations omitted).  However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face.  *Id*.  Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records

2

conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the records and files, the Court concludes that Middaugh's Motion can be fully and fairly evaluated on the existing record and no evidentiary hearing is necessary.

## III. Discussion

The Government opposes Middaugh's Motion because of the appeal that was pending when he filed his Motion. The Court acknowledges that a pending appeal would normally divest this Court of jurisdiction over Middaugh's Motion,[1] but such a finding is moot now because Middaugh's appeal is no longer pending.

Regarding the merits of Middaugh's Motion, the Court finds that Middaugh had previously been convicted of a "crime of domestic violence" as that term is defined by federal law in 18 U.S.C. § 921(a)(33)(A)(ii). In *United States v. Smith*, the Eighth Circuit held that to convict under 18 U.S.C. § 921(a)(33)(A)(ii), the government does not need to prove that the underlying state misdemeanor conviction required proof of a domestic relationship. 171 F.3d 617, 620 (8th Cir. 1999). *See also United States v. Kirchoff*, 387 F.3d 748 (8th Cir. 2004), *cert. denied*, 125 S. Ct. 2936 (2005) (assault conviction under general third degree assault statute could serve as predicate conviction to support subsequent firearms conviction under section 922(g)(9)). The federal indictment, of course, must allege that the assault was against a domestic partner, but the underlying

---

[1] *See Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965); *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989).

3

state conviction need not require proof of a domestic relationship. Thus, under the clear precedent of the Eighth Circuit, Middaugh's Missouri conviction for third degree assault required proof of only one element: the use or attempted use of physical force. Furthermore, Middaugh does not contest the assertion in the indictment that there was a domestic relationship between Middaugh and his victim.

Other courts accord with the Eighth Circuit and find that an underlying misdemeanor conviction for wrongful use of physical force can support a conviction for violation of section 922(g)(9), even if the underlying misdemeanor did not include the existence of a domestic relationship as a necessary element. *See United States v. Meade*, 175 F.3d 215 (1st Cir. 1999); *United States v. Chavez*, 204 F.3d 1305 (11th Cir. 2000).

Accordingly, the Court denies Middaugh's first ground for relief. Because Middaugh's two other grounds for relief are grounded in his argument that his misdemeanor conviction is not a "crime of domestic violence," the Court will also deny his remaining grounds for relief.

**IV.    Conclusion**

Accordingly, it is hereby

ORDERED that Middaugh's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 [Doc. # 1] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

4

DATE:  November 10, 2005
Kansas City, Missouri